UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NORMAN BETCHER, *as representative of*
*Denessia Betcher, deceased,*[1]

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        06-CV-679S
JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

        1.      On May 27, 2004, Plaintiff filed an application for social security disability

insurance benefits.  Her application was denied.  She then requested a hearing before an

Administrative Law Judge ("ALJ"), which took place via video conference on January 4,

2006.  Plaintiff was represented by counsel at the hearing, at which Plaintiff, Independent

Medical Expert Dr. Maurice Prout,[2] and Vocational Expert Dr. James Phillips testified. After

holding the record open for several months for any additional evidence, the ALJ denied

Plaintiff's application for benefits in a written decision dated May 10, 2006.  The ALJ's

decision became Defendant's final decision when the Appeals Council denied Plaintiff's

request for review on August 10, 2006.

        2.      Plaintiff commenced her challenge to Defendant's final decision on October

12, 2006, by filing a Complaint in the Western District of New York.  On March 22, 2007,

Defendant filed a Motion for Judgment on the Pleadings, arguing that its final decision is

---

[1]Denessia Betcher, the original plaintiff in this case, died on January 13, 2007.  By separate
Order, Norman Betcher, as her representative, has been substituted as the plaintiff in this action.
Nonetheless, for the sake of clarity, this Court will continue to use "Plaintiff" to refer to Denessia Betcher.

[2]The ALJ mistakenly identifies the Independent Medical Expert as Dr. Richard Cohen in his written
opinion.  (R. at 19.)

supported by substantial evidence in the record.  That same day, Plaintiff filed a similar motion arguing that the ALJ's decision suffers from two legal errors, and therefore must be reversed.  After full briefing, this Court took the motions under advisement without oral argument.  For the reasons that follow, Defendant's motion is granted and Plaintiff's motion is denied.

3.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).    Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).    If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  <u>Valente v. Sec'y of Health and Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

5.      This is an unfortunate case.  Plaintiff filed an application for benefits on May 27, 2004, citing a multitude of psychiatric disorders and back pain as the sources of her disability.   There is no question that toward the end of her life, Plaintiff suffered from debilitating mental illness.  But Plaintiff's last insured status date was September 30, 1983.  She therefore needed to present the ALJ with persuasive evidence that she had a severe impairment *prior to September 30, 1983*, that met or equaled a Listed Impairment, or that prevented her from performing work available in the national economy.  Unfortunately, given the passage of time and the destruction of medical records after seven years, Plaintiff was unable to obtain any medical evidence or documentation that predated 1991.  Instead, she presented her own testimony and letters from two of her current doctors in support of her contention that she was disabled prior to September 30, 1983.  The ALJ found this evidence to be insufficient to carry her burden, and denied Plaintiff's claim.

6.      It is apparent from the record that all involved in this case recognize that medical records from some 24 years ago are no longer in existence.  (R. at 19, 216, 225, 261.)   Thus, there is no dispute that Plaintiff failed to provide objective medical documentation from which it can reasonably be determined that she was disabled prior to September 30, 1983.  The issue is whether the ALJ erred in his consideration of the letters from Plaintiff's current physicians, in which they opine that Plaintiff's mental impairments began prior to September 30, 1983.  Plaintiff argues that the ALJ erred in two ways.  First, he failed to properly credit these physicians' statements.  Second, he failed to adequately

3

develop the record.  Both arguments are addressed below.

7.     Plaintiff principally relied on a notation by Dr. Andrew R. Reichert from January 8, 2003, that indicates that Plaintiff had been treating with another psychiatrist "for the last 20 years," and a more exhaustive letter from Dr. Helen E. Erkkila that explained the Plaintiff's plight.  (R. at 11, 216.)  Dr. Erkkila explains that based on her notes and her conversations with another of Plaintiff's treating physicians, it is clear to her that Plaintiff's mental illness began in her teen years (which would be before September 30, 1983).  (R. at 216.)  She details the conditions that she believes Plaintiff had in her late teens, and concludes that she can "state with a degree of medical certainty that Denessia's condition has been on going pre 1980."  (R. at 216.)

8.     A retrospective diagnosis "must be evaluated in terms of whether . . . considered in light of the entire record, it establishes the existence of a physical impairment prior to" the plaintiff's last insured date.  See Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir. 1981).  Here, the information provided by Drs. Erkkila and Reichert does not establish that Plaintiff was disabled before September 30, 1983.  They make assumptions, perhaps reasonably so, that Plaintiff likely suffered from some mental illness before that time, but there is simply nothing in the record from which it can reasonably be concluded that Plaintiff had any severe mental or physical limitation.  Even assuming that Plaintiff suffered from mental illness, the extent of her illness cannot be determined, nor verified, as Dr. Prout explained.  (Tr. at 249-256.)  And there is no way of knowing whether her mental illness would have prevented her from working.

9.     Plaintiff argues that the ALJ did not appropriately consider the opinions of Drs. Erkkila and Reichert.  This Court disagrees.  The ALJ noted their opinions, and stated that he could not rely on them because of the lack of corroborating evidence in the record pertaining to the critical time period at issue.  (R. at 20.)  Although it leads to an unfortunate

outcome given the facts of this case, the ALJ was well within his discretion to set aside the speculation offered by Drs. Erkkila and Reichert, and instead accept Dr. Prout's opinion that it was impossible to determine on this record whether Plaintiff was disabled within the meaning of the Social Security Act before September 30, 1983.  The ALJ did not err.

10.    Plaintiff also argues that the ALJ erred by failing to re-contact Plaintiff's doctors (including one who was out of the country), in the hopes of obtaining additional records.  See, e.g., 20 C.F.R. § 404.1512(d) (requiring that reasonable efforts be made by the Commissioner to obtain treating source records).  Again, the circumstances of this case cause this Court to find that the ALJ's efforts were sufficient.  It appears undisputed that no records from the relative time period exist.  It would therefore have been futile for the ALJ to try to search them out.  Moreover, the ALJ held the record open for approximately two months, specifically directed Plaintiff's counsel to provide any further information that he could obtain, and offered counsel his assistance in securing any information he may discover.  (R. at 17, 223, 260.)  In this Court's view, the ALJ's efforts to develop the record were adequate.

11.    This Court has carefully examined the administrative record, and finds that substantial evidence supports the ALJ's decision.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Social Security Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking the same relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:   September 24, 2007
          Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge